# EXHIBIT A

Law Division initial Case Management Hearing ZOOM
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Court date: 10/18/2022 10:00 AM

\* 4 7 6 5 0 2 0 5 \*

FILED
8/18/2022 4:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007464
Calendar, D
19147896

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALLAN A BENNETT, )
        Plaintiff, )
)
v. ) No.:
)
)
CAITLIN A SLAVO and Q.U.O.T.E. )
DELIVERY SERVICES LLC, )
)
)
        Defendant. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ALLAN A BENNETT, through his attorney, ROBERT A. LANGENDORF, P.C., and complains of the Defendants, CAITLIN A SLAVO and Q.U.O.T.E. DELIVERY SERVICES LLC, as follows:

### GENERAL ALLEGATIONS

1. That at all relevant times stated herein, Defendant, Q.U.O.T.E. DELIVERY SERVICES LLC, was a corporation licensed to do business in the State of Illinois.

2. On or about August 19, 2020, Plaintiff, ALLAN A BENNETT, was the driver of a motocycle traveling east bound on Sibley Boulevard at or near the intersection of Greenbay Avenue at or near 660 Sibley Boulevard in the City of Calumet City, County of Cook, and State of Illinois.

3. On or about August 19, 2020, Defendant, Q.U.O.T.E. DELIVERY SERVICES LLC, owned and operated, through its agents and/or employee.

4. On or about August 19, 2020, Defendant, Q.U.O.T.E. DELIVERY SERVICES LLC, motor vehicle was driven by employee/agent/servant, CAITLIN A SLAVO, and in the scope of her employment.

5. On or about August 19, 2020, Defendant, CAITLIN A SLAVO, was the driver of a motor vehicle traveling west bound on Sibley Boulevard at or near the intersection of Greenbay Avenue at or near 660 Sibley Boulevard in the City of Calumet City, County of Cook, and State of Illinois.

6. At the aforesaid time and place, Defendant, CAITLIN A SLAVO, attempted to make a U-turn and struck Plaintiff's, ALLAN A BENNETT, motorcycle and caused damage.

7. At the aforesaid time and place, Defendant, CAITLIN A SLAVO, told the responding officer in same or similar words that she was traveling westbound on Sibley approaching 660 Sibley. That she began making a U-turn to face east bound on Sibley from 660. Once she completed the U-turn, Unit 2 (ALLAN A BENNETT) struck the rear end of Unit 1 (CAITLIN A SLAVO).

8. At the aforesaid time and place, Defendant, CAITLIN A SLAVO, failed to reduce speed.

9. At the aforesaid time and place, Defendant, CAITLIN A SLAVO, failed to maintain a proper and safe distance.

10. At the aforesaid time and place, Defendant, CAITLIN A SLAVO, failed to make a proper U-turn.

11. At the aforesaid time and place, Defendant, CAITLIN A SLAVO, failed to avoid a collision.

12. At all time material to this matter, Plaintiff, ALLAN A BENNETT, was exercising due care and caution and was free from contributory fault.

### COUNT I – ALLAN A BENNETT v. CAITLIN A SLAVO

13. Plaintiff adopts and re-alleges paragraphs 1-12 as fully set forth herein.

14. At all times material to this matter, Defendant, CAITLIN A SLAVO, was under a duty to operate her vehicle in a safe and reasonable manner consistent with traffic laws for the State of Illinois.

15. At the time and place aforesaid, Defendant, CAITLIN A SLAVO, breached her duty in one or more of the following ways:

 a. Carelessly and negligently operated, managed, maintained, and controlled said motor vehicle;

 b. Carelessly and negligently operated the motor vehicle at a rate of speed that was greater than reasonable and proper regarding traffic conditions and the use of the highway, or which was greater than the applicable speed limit established in violation of the revised Statutes of the State of Illinois;

 c. Carelessly and negligently failed to equip the motor vehicle with proper brakes, although such a device was necessary to insure the safe operation of the vehicle;

 d. Carelessly and negligently failed to give proper warning of the approach of said vehicle, although such warnings were necessary to ensure the safe operation of the vehicle;

 e. Carelessly and negligently failed to keep a proper lookout and to stop or alter the course of the motor vehicle to avoid striking the Plaintiff;

 f. Carelessly and negligently failed to reduce speed;

 g. Carelessly and negligently failed to maintain a proper distance;

 h. Carelessly and negligently failed to make a proper U-turn;

 i. Carelessly and negligently failed to avoid a collision;

 j. Carelessly and negligently caused a collision;

 k. Was otherwise careless and negligent.

16. As a direct and proximate result of one or more the Defendant's negligent acts or omissions, the Plaintiff, ALLAN A BENNETT, then and there sustained severe and permanent injuries, was and will be hindered and prevented from attending to his usual duties and affairs of

life, has lost wages, and has lost and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services while endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ALLAN A BENNETT, requests judgment against the Defendant, CAITLIN A SLAVO, in an amount no greater than $50,000.00 plus costs of this lawsuit.

### COUNT II – ALLAN A BENNETT v. Q.U.O.T.E. DELIVERY SERVICES LLC

17. Plaintiff adopts and re-alleges paragraphs 1-12 as fully set forth herein.

18. At all times material to this matter, Defendant, Q.U.O.T.E. DELIVERY SERVICES LLC, was under a duty to operate her vehicle in a safe and reasonable manner consistent with traffic laws for the State of Illinois.

19. At the time and place aforesaid, Defendant, Q.U.O.T.E. DELIVERY SERVICES LLC, breached her duty in one or more of the following ways:

   a. Carelessly and negligently, by and through its agents/employees/servants, operated, managed, maintained, and controlled said motor vehicle;

   b. Carelessly and negligently, by and through its agents/employees/servants, operated the motor vehicle at a rate of speed that was greater than reasonable and proper regarding traffic conditions and the use of the highway, or which was greater than the applicable speed limit established in violation of the revised Statutes of the State of Illinois;

   c. Carelessly and negligently, by and through its agents/employees/servants, failed to equip the motor vehicle with proper brakes, although such a device was necessary to insure the safe operation of the vehicle;

   d. Carelessly and negligently, by and through its agents/employees/servants, failed to give proper warning of the approach of said vehicle, although such warnings were necessary to ensure the safe operation of the vehicle;

  e. Carelessly and negligently, by and through its agents/employees/servants, failed to keep a proper lookout and to stop or alter the course of the motor vehicle to avoid striking the Plaintiff;

  f. Carelessly and negligently, by and through its agents/employees/servants, failed to reduce speed;

  g. Carelessly and negligently, by and through its agents/employees/servants, failed to maintain a proper distance;

  h. Carelessly and negligently, by and through its agents/employees/servants, failed to make a proper U-turn;

  i. Carelessly and negligently, by and through its agents/employees/servants, failed to avoid a collision;

  j. Carelessly and negligently, by and through its agents/employees/servants, caused a collision;

  k. Was otherwise, by and through its agents/employees/servants, careless and negligent.

20. As a direct and proximate result of one or more the Defendant's negligent acts or omissions, the Plaintiff, ALLAN A BENNETT, then and there sustained severe and permanent injuries, was and will be hindered and prevented from attending to his usual duties and affairs of life, has lost wages, and has lost and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services while endeavoring to become healed and cured of said injuries.

  WHEREFORE, the Plaintiff, ALLAN A BENNETT, requests judgment against the Defendant, Q.U.O.T.E. DELIVERY SERVICES LLC, in an amount no greater than $50,000.00 plus costs of this lawsuit.

                   By: _____
                       Plaintiff's Attorney

ROBERT A. LANGENDORF, P.C.
134 N. LaSalle Street – Suite 1515

Chicago, Illinois 60602
Tel.: (312) 782-5933
Atty. No.: 26017
robert@langendorfpc.net

Law Division initial Case Management Dates will be heard via ZOOM. For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Court date: 10/18/2022 10:00 AM

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
8/18/2022 4:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007464
Calendar, D
19147896

ALLAN A BENNETT, )
)
      Plaintiff, )
)
v. ) No.:
)
)
CAITLIN A SLAVO and Q.U.O.T.E. )
DELIVERY SERVICES LLC, )
)
)
      Defendant. )

## AFFIDAVIT OF DAMAGES

The undersigned being first duly sworn upon oath, deposes and states that he is an attorney for the party to the above entitled cause of action seeking money damages and that this cause of action:

    **XX**    **DOES EXCEED $50,000.00**

    _____    **DOES NOT EXCEED $50,000.00**

    Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statement set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid the he/she verily believes the same to be true. The undersigned has knowledge of the facts set forth in this affidavit and if called as a witness, and sworn under oath would testify as stated herein.

                                                                 By: _____
                                                                            Plaintiff's Attorney

ROBERT A. LANGENDORF, P.C.
134 N. LaSalle Street – Suite 1515
Chicago, Illinois 60602
Tel.: (312) 782-5933
Atty. No.: 26017
robert@langendorfpc.net